IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 FEB 28 PM 4:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 3 2003

| | |
|---|---|
| JEFFREY HUAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | 01-C-1442-S |
| DUDLEY, HOPTON-JONES, SIMS, & ) | |
| FREEMAN, PLLP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Dudley, Hopton-Jones, Sims, & Freeman, PLLP, has moved for summary judgment in this case in which Plaintiff alleges a Title VII, 42 U.S.C. § 2000e, retaliation claim. Based on the undisputed facts, the Court finds and concludes that the Defendant is entitled to judgment as a matter of law.

**A. Findings of Undisputed Facts**

1. Defendant Dudley, Hopton-Jones, Sims & Freeman, PLLP is an accounting firm with its principal place of business in Birmingham, Alabama.

2. Plaintiff began working at the firm in December 1994 as a staff accountant.

3. In June of 1998, Plaintiff was named a principal of the firm. As a principal, he shared in the income of the firm, but did not sit on the executive committee and did not have voting rights.

4. Within the last two years of his employment, Plaintiff reported to his supervisor, Jack

1

Knight, three separate incidents of sexual harassment against female employees committed by the managing partner, Stewart Dudley. Plaintiff did not personally witness any of these incidents. They were related to him by other employees.

5. In June of 1999, Plaintiff became aware that two sexual harassment charges had been filed with the Equal Employment Opportunity Commission ("EEOC") against Dudley by firm employees Debbie Green and Lynn McPherson.

6. During tax season all partners and principals of the firm are required to work on Saturdays.

7. Plaintiff refused to work on Saturdays during the Spring 2000 tax season.

8. On March 3, 2000, Dudley ordered Plaintiff to work on Saturday, March 4, 2000. Plaintiff did not show up for work on that Saturday, and he offered no excuse for his absence.

9. Plaintiff maintains that his refusal to work on Saturdays during the tax season was based on the firm's failure to compensate him for all of his partnership units.

10. On March 8, 2000, Dudley gave Plaintiff a choice of either resigning or being fired. When Plaintiff refused to resign, he was fired by Dudley..

11. Beginning in 1998, Plaintiff improperly requested and received travel advances for which he provided no receipts or documentation, in violation of firm policies. Plaintiff was asked on more than one occasion to submit receipts or other papers to substantiate the travel advance, but he failed to comply.

12. At the time of his termination, Plaintiff was $5000 in arrears in his travel advances.

13. On Plaintiff's last day of work, Debbie Green informed him that the EEOC had issued her a notice of right to sue and that her attorney would be contacting Plaintiff concerning his knowledge of Dudley's sexual harassment of other female members of the staff.

14. Defendant's articulated reason for the discharge of Plaintiff is that he refused to follow firm policies. Primarily, he refused to work on Saturdays during tax seasons. Also, he improperly received and failed to account for travel advances.

### B. Conclusions of Law

1. Plaintiff has carried his burden of establishing a *prima facie* case of retaliation. *Maniccia v. Brown*, 171 F.3d 1364, 1369 (11th Cir. 1999.)

2. Defendant has articulated legitimate, non-discriminatory reasons for terminating Plaintiff.

3. Plaintiff has failed to rebut Defendant's articulated non-discriminatory reasons for his discharge.

4. Defendant is entitled to judgment as a matter of law. *See Earley v. Champion Int'l. Corp.*, 907 F. 2d 1077, 1081 (11th Cir. 1990); *Chapman v. AL Transport,* 229 F.3d 1012, 1026 (11th Cir. 2000).

By separate order, summary judgment shall be granted.

Done this 28th day of February 2003.

Chief United States District Judge
U. W. Clemon

3